Gibson, J.,
dissenting. I cannot concur with the majority of the court in this case. Although it is extremely difficult to generalize as to when those accused of crime have been denied the speedy public trial guaranteed by both state and federal constitutions, I am satisfied that the petitioner here has been deof such rights.
There is no question that one imprisoned for a crime is still entitled to his right to a speedy trial for other offenses. Only last December this court in State, ex rel. Lotz, v. Hover, Pros. Atty., 174 Ohio St., 68, expressly stated that, even though one is incarcerated in one of the state’s penal institutions, he is still entitled to a speedy trial on any other indictment pending against him, and quoted with approval the following excerpt from the court’s opinion in State v. Keefe (1908), 17 Wyo., 227, 257, 98 P., 122:
“ ‘The right of a speedy trial is granted by the Constitution to every accused. A convict is not excepted. He is not only amenable to the law, but is under its protection as well. No reason is perceived for depriving him of the right granted generally to accused persons, and thus in effect inflict upon him an additional punishment for the offense of which he has been convicted. At the time of defendant’s trial upon the one information, he was under the protection of the guaranty of a *142 speedy trial as to the other. It cannot be reasonably maintained, we think, that the guaranty became lost to him upon his conviction and sentence or his removal to the penitentiary. Possibly in his case, as well as in the case of other convicts, a trial might be longer delayed, in the absence of a statute controlling the question, than in the case of one held in jail merely to await trial without violating the constitutional right, for an acquittal would not necessarily terminate imprisonment. Hoavever, the purpose of the provision against an unreasonable delay in trial is not solely a release from imprisonment in the event of acquittal, but also a release from the harassment of a criminal prosecution and the anxiety attending the same; and hence an accused admitted to bail is protected as well as one in prison. Moreover, a long delay may result in the loss of witnesses for the accused as well as the state, and the importance of this consideration is not lessened by the fact that the defendant is serving a sentence in the penitentiary for another crime.’ ”
A prosecuting attorney is responsible for presenting the state’s case with earnestness and vigor, but he also must see that no conviction takes place except in strict conformity with the law. He must be sure the accused is not deprived of any constitutional rights or privileges. 23A Corpus Juris Secundum, 78, Criminal Law, Section 1081. The prosecuting authorities here must be presumed to have known of this accused’s right to a speedy public trial and of the facilities available for the protection of the rights of the public and this accused.
This indictment Avas returned in September 1951 but petitioner was not tried upon it until October 1961. During much of this time petitioner was in the Florida State Prison or in the Ohio Penitentiary with a detainer against him for this very indictment. The Medina County prosecuting authorities did not, as they well could have and in my opinion had a duty to do, remove him from either penitentiary to try him on pending charges. See Sections 2941.40 to 2941.43, inclusive, Revised Code (removal of convict from Ohio Penitentiary), and Section 2963.05, Revised Code (extradition by executive agreement of person imprisoned in another state). These authorities apparently did not choose to exercise their detainer when the peti *143 tioner was released from the Ohio Penitentiary, or from the Florida State Prison in January 1957, or when he completed his parole in Wayne County in February 1958. It was only in 1961, more than three years following the petitioner’s final release, that they finally decided to proceed on the 1951 indictment.
It seems obvious from the facts of this case that these prosecuting authorities were willing for other such authorities" of any and all jurisdictions to prosecute and to maintain the petitioner as long as he was out of circulation. Apparently it was only when no other such authority displayed any interest in removing petitioner from civil society that they again acquired an interest in his punishment. Although this court has said in State v. Cunningham (1960), 171 Ohio St., 54, that an accused held by recognizance without trial or detained in jail without trial who fails to demand a trial can not claim the benefits of Sections 2945.71, 2945.72 and 2945.73, Revised Code, in my opinion, the decision in that case is limited to a case involving rights arising under those statutes.
The constitutional guaranty of a speedy public trial has the practical effect of barring the state from a prosecution where it has been guilty of laches.
The majority relies upon the Cunningham case and Crider v. Maxwell, Warden (1963), 174 Ohio St., 190, for the proposition that an accused must take affirmative action in the nature of a demand for trial before he may invoke the protection of the Constitution. This proposition, in my opinion, can not ipso facto be applied to every situation. The facts of this case are clearly distinguishable from those of both the Cunningham case and the Crider case. Cunningham, indicted in the April 1956 term of court and represented by counsel, was tried and convicted in September 1958. Crider, indicted in February 1961, was tried and convicted in July 1961. Those cases are far different from the instant case where petitioner was tried and convicted on an indictment over ten years old.
In my opinion, to say that petitioner waived his constitutional rights to a speedy public trial is to ignore the realities of this and similar situations. It is well known that many prosecuting attorneys routinely present warrants under Sections 2941.40 to 2941.43, inclusive, Revised Code, to the Governor *144 for Ms approval calling for the return of convicts from the Ohio Penitentiary to be tried on pending charges, and also routinely present applications under Section 2963.05, Revised Code, calling for the extradition or interstate rendition by executive agreement of prisoners confined in other states to be tried on charges pending in Ohio. The actions of such prosecuting attorneys are taken for the very purpose of avoiding the situation presented here and in fulfillment of the duty of prosecuting authorities to protect the rights of those accused of crime as well as to see that they are punished.